**BAKER & HOSTETLER LLP**
Sean P. Killeen (SBN 320644)
*skilleen@bakerlaw.com*
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2623
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP**
Edward J. McAndrew (Admitted *Pro Hac Vice*)
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
Facsimile: 215.568.3439
Email: *emcandrew@bakerlaw.com*

*Attorneys for Defendant*
MYFITNESSPAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VISHAL SHAH and CHRISTINE WILEY, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

MYFITNESSPAL, INC.,

Defendant.

CASE NO.: 5:25-CV-04430-PCP

[*Assigned to Hon. P. Casey Pitts*]

**DEFENDANT MYFITNESSPAL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT, AND MOTION TO STRIKE**

**Date**: September 18, 2025
**Time**: 10:00 a.m.
**Dept.**: Courtroom 8, 4th Floor

**Action Filed:** May 23, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. Plaintiffs lack article III standing .......... 1
III. Plaintiffs' allegations fail to satisfy rule 9(B) .......... 3
IV. PLAINTIFFS' Claims should be dismissed under Rule 12(b)(6) .......... 4
  A. Plaintiffs' Common Law Invasion of Privacy Claims Fail .......... 4
  B. Plaintiffs Cannot State Claims under CIPA § 631(A) .......... 7
  C. Plaintiffs' Pen Register Claim Should be Dismissed .......... 9
  D. Plaintiffs' Unjust Enrichment Claims Fail .......... 10
  E. Plaintiffs' Common Law Fraud, Deceit, and Misrepresentation Claim Fails .......... 11
  F. Plaintiffs' Trespass to Chattels Claims Fail .......... 11
V. THE IMMATERIAL CLASS ALLEGATIONS should BE STRICKEN .......... 12
VI. CONCLUSION .......... 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abuelhawa v. Santa Clara Univ.*, 529 F. Supp.3d 1059 (N.D. Cal. 2021) ........ 10

*Brown v. Google LLC*, 685 F. Supp. 3d 909 (N.D. Cal. 2023) ........ 6

*Bruton v. Gerber Products Company*, 703 F. App'x 468 (9th Cir. 2017) ........ 10

*Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021) ........ 6

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. 2024) ........ 7

*D'Angelo v. Penny OpCo, LLC*, No. 23-cv-0981-BAS-DDL, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ........ 5

*Doe I v. Google LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) ........ 8, 11

*In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ........ 2, 4

*United States v. Forrester*, 512 F.3d 500 (9th Cir. 2008) ........ 4

*Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025) ........ 2

*Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025) ........ 4, 12

*In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147 (N.D. Cal. 2021) ........ 6

*In re Google, Inc. Priv. Pol'y Litig.*, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) ........ 3

*Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 9

*Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ 5

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) ....................6

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) (van Keulen, J.) ....................11

*Huynh v. Quora, Inc.*,
2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ....................3

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ....................11

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ....................6

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ....................3

*Khamooshi v. Politico LLC*,
2025 WL 1408896 (N.D. Cal. May 13. 2025) ....................3

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025) ....................2, 4

*Klein v. Meta Platforms, Inc.*,
766 F. Supp. 3d 956 (N.D. Cal. 2025) ....................3

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ....................7

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) ....................7

*Mirmalek v. L.A. Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ....................9

*Pepka v. Kohl's Dep't Stores, Inc.*,
No. CV-16-4293-MWF-(FFMx), 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ....................12

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) ....................6

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. 2022) ....................7

*Rosenow v. Facebook, Inc.*,
2020 WL 1984062 (S.D. Cal. 2020) ....................7

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ............................................................2, 3

*Saleh v. Nike, Inc.*,
562 F.Supp.3d 503 (C.D. Cal. 2021) ............................................................................5

*Sanders v. Apple Inc.*,
672 F.Supp.2d 978 (N.D.Cal.2009) ............................................................................12

*Sandoval v. Ali*,
34 F. Supp. 3d1031 (N.D. Cal. 2014) ..........................................................................12

*Shah v. Fandom*, *Inc.*,
2024 WL 4539577 (N.D. Cal. Oct. 21, 2024)..................................................................9

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021)..................................................................6

*Smith v. Yeti Coolers*, LLC,
754 F. Supp. 3d 933 (N.D. Cal. 2023) ..........................................................................8

*St. Aubin v. Carbon Health Techs., Inc.*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)....................................................................6

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. 2010) ........................................................................12

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024)....................................................................5

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal.2010) ........................................................................12

*TransUnion*. *Lightoller v. Jetblue Airways Corp.*,
2023 WL 3963823 (S.D. Cal. June 12, 2023)..................................................................3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)......................................................................................................1

*Valenzuela v. Kroger Co.*,
2024 WL 1336959 (C.D. Cal. Mar. 28, 2024) ..................................................................8

*Williams v. What If Holdings*,
LLC, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ......................................................7

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ....................................................................................1, 5

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........................................................................4, 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....................4

**State Cases**

*Bank of New York Mellon v. Citibank*, N.A.,
8 Cal. App. 5th 935, 214 Cal.Rptr.3d 504 (2017)....................10

*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018) ....................10

*Hartford Casualty Insurance Co. v. J.R. Marketing, LLC*,
61 Cal. 4th 988 (2015) ....................10

*Hill v. Nat'l Collegiate Athletic Assn.*,
7 Cal. 4th 1 (1994) ....................6

*Hill v. Roll Internat. Corp.*,
195 Cal. App. 4th 1295 (2011) ....................10

*Hooked Media Grp., Inc. v. Apple Inc.*,
55 Cal. App. 5th 323 (2020), 269 Cal.Rptr.3d 406 (June 19, 2020)....................10

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342 (2003) ....................11

**State Statutes**

Cal. Penal Code § 20....................8

Cal. Penal Code § 631(a) ....................7

Cal. Penal Code § 638.51....................8, 9

Cal. Penal Code § 638.52....................9

Cal. Penal Code § 638.53....................9

**Other Authorities**

Fed. R.Civ. Proc. 9(b) ....................3, 4, 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.") does nothing to salvage a complaint that never should have been filed. The centerpiece of Plaintiffs' claims is an allegation about a narrow and technical gripe: Plaintiffs allege that a website cookie banner's cookie opt out function did not operate as they expected, allowing some cookies to load. From this, Plaintiffs attempt to spin an array of claims. But Plaintiffs allegations do not transform an alleged technical misconfiguration into a criminal wiretap, a highly offensive invasion of privacy, or fraud. At bottom, this case is about an alleged software glitch.

Upon this faulty premise, Plaintiffs' claims fail because they lack standing, fail to satisfy Rule 9(b)'s heightened pleading standard, and otherwise fail to state a claim. Thus, each cause of action should be dismissed with prejudice. Even if Plaintiffs had made sufficient allegations to sustain their claims, Plaintiffs' impertinent allegations concerning website screenshots, as well as the facially overbroad class allegations, should be stricken.

## II. PLAINTIFFS LACK ARTICLE III STANDING

Plaintiffs' opposition does not cure the fundamental defect that they have not alleged a concrete injury in fact as required by Article III. The core of Plaintiffs' claims is the alleged operation of a cookie banner, but the Complaint and Opposition fail to identify any real-world injury flowing from this claim. Plaintiffs do not claim that any data supposedly collected was sensitive, or even that any specific data belonging to Plaintiffs' was collected at all. Plaintiffs merely identify the types of data they claim could theoretically be collected based on the analytics tools allegedly used on MFP's website. *See* Compl. ¶¶ 46-79. It is indeed Plaintiffs' burden to establish standing, and their conclusory allegations of injury are insufficient. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023).

To salvage their claims, Plaintiffs rely on the proposition that mere allegations of privacy violations under CIPA and common law establish concrete injury-in-fact. But Article III requires a plaintiff to show a concrete and particularized injury, not just a statutory or technical violation. In fact, Plaintiffs' theory has been explicitly rejected by the Supreme Court. *TransUnion LLC v.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Ramirez*, 594 U.S. 413, 426, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (rejecting the notion that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). A concrete injury-in-fact requires more than a mere alleged privacy violation. *See Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *3 (S.D.N.Y. Feb. 18, 2025) (holding that "[s]tatutory violations alone typically do not satisfy the concrete harm requirement"); *Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023) (holding that Saeedy has "not alleged a sufficiently concrete privacy injury" in collected browser information). Simply arguing a technical violation is not enough. Indeed, this District recently rejected standing based on an alleged privacy violation. *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *3-4 (N.D. Cal. June 24, 2025) (granting motion to dismiss for lack of standing where plaintiff alleged TikTok extracted device and browser information, geographic information, name, date of birth, address, referral tracking and URL tracking to personally identify each site visitor).

Plaintiffs rely heavily on *In re Facebook* and its progeny to support their claim of Article III standing. But Plaintiffs' presentation of *In re Facebook* lacks the requisite factual context, broadly mischaracterizes the scope of the Ninth Circuit's holding, and advances sweeping assertions that bear little resemblance to the facts or legal issues presented here. *See In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020). In that case, Facebook was alleged to have obtained "an enormous amount of individualized data," including comprehensive cross-site browsing histories and correlated them to social media profiles. *Id*. at 599, 605. And the Ninth Circuit emphasized that some of the alleged data collected was sensitive, such as information about plaintiff's visits to sensitive websites. *Id.* In contrast, Plaintiffs here allege that they interacted with the MFP cookie banner, and then further browsed MFP's website. There is no allegation that any of the third-party technologies identified in the Complaint perform any such correlation between users and their social media profiles, that any sensitive information was involved, or even that Plaintiffs have social media profiles at all. Nor is there any explanation for how such a correlation could have occurred when Plaintiffs merely interacted with the cookie banner and browsed MFP's public website. What is key here is that Plaintiffs do not—and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

cannot—allege that MFP collected anything remotely resembling a "comprehensive browsing history," nor do they (or could they) claim that any sensitive or confidential information was obtained.

It would be "untenable" to rely on the holding of *Facebook Tracking* after the Supreme Court's decision in *TransUnion*. *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023); *see also Khamooshi v. Politico LLC*, 2025 WL 1408896, at *4 (N.D. Cal. May 13. 2025) (disclosure of IP address, browser, and device data alleged as a CIPA violation "does not automatically give rise to a concrete injury").

Plaintiffs' remaining assertions, that their purported contractual rights and alleged diminution of value of their communications confer standing, similarly fall flat. Allegations that there was diminished value in Plaintiffs' communications do not confer standing. *See In re Google, Inc. Priv. Pol'y Litig.*, 2013 WL 6248499, at *5-6 (N.D. Cal. Dec. 3, 2013); *Klein v. Meta Platforms, Inc.*, 766 F. Supp. 3d 956, 959-60 (N.D. Cal. 2025). Even if it did, Plaintiffs do not allege that they ever sought to sell that information to someone else or that someone else sought to purchase it. *Saeedy*, 2023 WL 8828852, at *7 ("Plaintiffs have failed to allege *how they were personally injured* by the collection of their data sufficient to establish standing for their property-related claims."). Nor is there any contractual basis for standing. Plaintiffs allege that they only browsed the Website and did not make any purchases, and their own allegations establish they can never allege consideration or injury in contract. *See Huynh v. Quora, Inc.*, 2019 WL 11502875, *10 (N.D. Cal. Dec. 19, 2019) ("Plaintiffs have not shown that they paid anything for the asserted privacy protections[.]").

Plaintiffs cannot escape the fact that they failed to plead any non-abstract injury-in-fact, and the Opposition merely confirms that critical flaw.

## III. PLAINTIFFS' ALLEGATIONS FAIL TO SATISFY RULE 9(B)

Plaintiffs' Opposition also confirms that any theory of misrepresentation or fraud in the Complaint is woefully deficient under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff to plead the circumstances constituting fraud with particularity, including the "who, what, when, where, and how" of the alleged misrepresentation. *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

1124–25 (9th Cir. 2009). Plaintiffs contend that their generalized allegations satisfy Rule 9(b)'s heightened pleading standard by asserting the "who, what, when, where, and how" of MFP's purported misrepresentations. *See* Opp. at 9:24–10:7. But Plaintiffs fail to allege intent, knowledge of falsity, or damages with any level of particularity, and they fail to confront MFP's central point: the Complaint lacks specific factual allegations detailing how *they themselves* were supposedly defrauded. Rule 9(b) requires more than abstract or illustrative examples—it demands particularized facts showing how each named plaintiff personally encountered and relied upon the alleged misrepresentations. Notably, Plaintiffs do not cite a single case supporting the proposition that they have met their Rule 9(b) pleading burden—they only cite to a single case which includes no Rule 9(b) analysis. *See* Opp. at 10 (citing *Gabrielli v. Motorola Mobility LLC,* No. 24-CV-09533-JST, 2025 WL 1939957, at *15 (N.D. Cal. July 14, 2025).

At bottom, Plaintiffs' allegations are insufficient. The Complaint is silent as to what device(s) or browser(s) Plaintiffs used to access the Website, what cookie settings were enabled, were automatically accepted or deleted, or whether Plaintiffs viewed or clicked on the "Privacy Policy" linked in the Cookie Banner. Specific to Plaintiffs, they merely allege they interacted with the cookie banner on MFP's website and continued to browse the website. Compl. at 88-91, 98-101. Absent critical details, Plaintiffs have not met the particularity requirement of Rule 9(b).

## IV. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) [1]

### A. Plaintiffs' Common Law Invasion of Privacy Claims Fail

First, Plaintiffs had no reasonable expectation of privacy in the types of information they allege were shared since they are the exact type of information routinely collected by websites across the internet. *See United States v. Forrester*, 512 F.3d 500, 503 (9th Cir. 2008); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014); *Kishnani*, 2025 WL 1745726, at *4 ("The mere collection of basic contact information by... software, or where the plaintiffs merely visited the website, are not concrete harms."). As discussed above, Plaintiffs' heavy reliance on *In re Facebook*, 956 F.3d 589 (9th Cir.

[1] Plaintiffs do not rebut that they have failed to allege a cognizable injury necessary to state a claim under Rule 12(b)(6). And Plaintiffs concede that the Complaint fails to include any facts to place Plaintiffs' claims within any statute of limitations period shorter than four years. *See* Opp. at 14-15.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2020), to establish a cognizable privacy injury is unavailing. *See* Opp. at 11. The Opposition only underscores Plaintiffs' failure to allege that any of ***their own personal information*** was collected by a website cookie after interaction with the cookie banner. For example, Plaintiffs do not allege they entered search terms, submitted data, or meaningfully engaged with a website. This omission is dispositive. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) ("[P]laintiffs must … show that they ***personally have been injured***.") (emph. added).

Plaintiffs cite *Papa Johns* for the proposition that there is no "blanket rule" that internet activity can never be subject to a reasonable expectation of privacy. (Opp. at 11.) But the *Papa Johns* court explained there is no expectation of privacy on the internet except in a few narrow instances. *See Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) ("Given the inherent nature of the internet, a number of courts have found that consumers do not have a reasonable expectation of privacy over their activity in that space."), *aff'd*, 2025 WL 1704437 (9th Cir. June 18, 2025); *see also D'Angelo v. Penny OpCo, LLC*, No. 23-cv-0981-BAS-DDL, 2023 WL 7006793, at *10-11 (S.D. Cal. Oct. 24, 2023) (stating "accepted community norms around conversations in this type of space (a commercial website for selling merchandise) point away from a reasonable expectation of privacy."); *Saleh v. Nike, Inc*., 562 F.Supp.3d 503, 524-25 (C.D. Cal. 2021) (agreeing with defendants that plaintiff did not have "a reasonable expectation of privacy over his activity on Nike's Website"). In fact, the *Papa Johns* court rejected a reasonable expectation of privacy in electronic communications with a website—including URLs of web pages visited and other types of information. *See id*. at *5 ("The type of data allegedly collected here is also a far cry from the type of data that supports a finding of a reasonable expectation of privacy.").

Second, even assuming that Plaintiffs had a reasonable expectation of privacy in their unspecified browsing data (they do not), their common law privacy claims still fail because the collection of general browsing data is not "highly offensive." *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022). Plaintiffs' reliance on *In re Facebook Tracking* and their other remaining authorities are similarly inapposite because courts in those cases were particularly concerned about the private or sensitive nature of the websites that a user may visit—a concern

that is not present here since it only involves the MFP website. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 629 (N.D. Cal. 2021) ("[T]he Ninth Circuit emphasized that some of the alleged data collected was sensitive, such as information about a user's visits to sensitive websites."); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 920 (N.D. Cal. 2023) (Google alleged to have taken "users' private browsing history and associate[] it with… preexisting user profiles."); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (Google is alleged to have collected "data akin to 'browsing habits and histories'"); *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023) ('"sensitive health and personal safety information'"); *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *13 (N.D. Cal. Oct. 1, 2024) (patients' medical communications, personally identifiable information, and person health information); *Silver v. Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. July 28, 2021) (financial information); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1155 (N.D. Cal. 2021) (geolocation data while apps not in use); *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 597, 602 (N.D. Cal. 2021) (same).

Plaintiffs cannot grapple with the fact that they do not allege what data was purportedly collected during their visits to MFP's public website, nor do they explain how any such data qualifies as sensitive or personal. These omissions are fatal. Under California law, an invasion of privacy claim demands a high threshold—one that cannot be met without concrete allegations of sensitive data collection. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("The California Constitution sets a 'high bar' for establishing an invasion of privacy claim."); *See also Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 40, 865 P.2d 633 (1994) ("[I]f Plaintiffs' allegations "show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law."). Plaintiffs do not engage in any way with this argument and in the absence of factual or legal support instead rely on an inapposite hypothetical about physical surveillance as a purported analogy. And Plaintiffs cite no authority holding that a cookie banner or privacy notice on a free, public website constitutes a binding promise sufficient to create a reasonable expectation of privacy of all of Plaintiffs' interactions and data.

### B. Plaintiffs Cannot State Claims under CIPA § 631(A)

Plaintiffs concede that MFP is not directly liable for violating § 631(a); Plaintiffs try to advance their CIPA wiretapping claim through the aiding and abetting prong. *See* Opp. at 1,6 n. 2. But Plaintiffs failed to sufficiently allege an underlying predicate violation by a third party. *Williams v. What If Holdings*, LLC, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (holding that aiding and abetting liability is "based entirely on whether [the third party] violated Section 631(a) in some way.").

First, Plaintiffs assert that "user input data"—such as search queries, names, demographic information, email addresses, locations, or payment details—qualifies as the contents of a "communication" under § 631(a). *See* Opp. at 17. Even if such data could constitute contents of a communication, Plaintiffs do not allege that they personally entered any such information on a MFP's website and their generalized assertions fall short. *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) (dismissing § 631(a) claim where plaintiffs alleged only that their "interactions" were intercepted, without identifying the contents of any communication).

Second, Plaintiffs fail to plausibly allege that any communication was intercepted while "in transit." As the Ninth Circuit has made clear, interception under § 631(a) requires acquisition of the communication during transmission. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) ("This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'"). The Complaint contains no factual allegations explaining how a third party acquired, let alone read or attempted to read, Plaintiffs' communications during transmission. Instead, Plaintiffs rely on conclusory assertions that an interception occurred. Courts have consistently held that such boilerplate allegations are insufficient. *See Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. 2020) (dismissing wiretap claim where allegations of interception "in transit" were conclusory); *Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. 2022) ("Using the word 'intercept' repeatedly is [] not enough without [] specific facts that make it plausible Google is intercepting their data in transit.").

Because Plaintiffs have failed to allege a viable violation of § 631(a), their derivative claim against MFP necessarily fails. *See Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1003 (N.D. Cal. 2024)

(dismissing claim under Section 631(a)'s fourth clause where plaintiff failed to establish "underlying third-party violation" of preceding clauses).

Thid, Plaintiffs fail to identify any facts in the Complaint that would establish that MFP intentionally permitted third parties to track Plaintiffs after they rejected cookies. *See Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024) ("CIPA liability only extends to willful or intentional conduct."). Plaintiffs do not identify any explicit language in Section 638.51 (nor can they) that dispenses with the default intent requirement built in every criminal violation. *See* Cal. Penal Code § 20; *Valenzuela v. Kroger Co.*, 2024 WL 1336959, at *4 (C.D. Cal. Mar. 28, 2024) ("In the absence of an explicit statutory scienter requirement, in California civil actions, the common law definition [of aiding and abetting] applies.").

Thus, Plaintiffs must allege that MFP intended to aid and abet a third party's illegal wiretapping of Plaintiffs' communication. They do not. The only plausible inference from the Complaint is that MFP's cookie banner may have glitched when users rejected non-essential cookies. *See* Compl. ¶ 24 ("[W]hen users clicked or selected the "here" link, then adjusted all available settings on the Your Choices window to opt out of, decline, or reject non-required cookies, Defendant nonetheless continued to cause the Third Parties' cookies, including Functional and Advertising cookies to be placed on users' devices and/or transmitted to the Third Parties."). Plaintiffs offer no facts suggesting MFP intended to wiretap its users or to facilitate such conduct by others.

Plaintiffs' attempt to distinguish *Smith v. YETI Coolers, LLC* fails. As in *Smith*, 754 F. Supp. 3d 933, Plaintiffs have failed to allege any facts to demonstrate that MFP was "acting with the third party in order to have the third party perform acts that violate the statute." *See id.* at 942. As the *Yeti* court recognized, "that requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Id*. Plaintiffs' vague references to "some level of knowledge and intent" (Opp. at 20, citing Compl. ¶ 20) are conclusory and defy common sense.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**C. <u>Plaintiffs' Pen Register Claim Should be Dismissed</u>**

Plaintiffs' pen register arguments are equally unavailing. They fail to meaningfully engage with the statutory requirement—or with § 638.52, which outlines the procedural steps law enforcement must follow before using a pen register—and ignore the statute's repeated references to telephonic devices. Instead, Plaintiffs rely on CIPA's broad definition of "pen register," which does not expressly limit its scope to telephonic surveillance. *See* Opp. at 21-22. But this misses the point. The question is not merely whether website technology *could theoretically* fall within the definition. Section 638.51 prohibits the use of a pen register only "without first obtaining a court order pursuant to Section 638.52 or 638.53." This language is purposeful and limits the statute's reach to devices for which such a court order is available—i.e., those used on telephone lines. *See* Cal. Penal Code § 638.51. Plaintiffs fail to explain why the Legislature would prohibit the use of pen registers on non-telephonic technologies while simultaneously making it impossible to obtain the required court order for such use. This interpretation lacks common sense, would make compliance with the statute impossible, and would render half of the statute entirely superfluous.

The cases cited by Plaintiffs suffer from this flawed reasoning. *See* Opp. at 19 (citing *Mirmalek, Shah, Greenley*). For example, in each case, the courts relied on the "expansive" definitions of "pen registers" and "electronic communication" in holding that Section 638.51 *could* apply to website technology. *See, e.g., Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) ("The Court cannot ignore the expansive language in the California Legislature's chosen definition."); *Shah v. Fandom*, *Inc.*, 2024 WL 4539577, at * (N.D. Cal. Oct. 21, 2024) (same). But none of these decisions meaningfully analyzed the statute's "court order" requirement or the cross-referenced provisions in §§ 638.52–53. *See generally, Greenley*, 684 F. Supp. 3d 1024; *Shah*, 2024 WL 4539577; *Mirmalek v. L.A. Times Commc'ns LLC*, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024). Nor did they examine the legislative history to determine whether their interpretations aligned with legislative intent. As explained in MFP's Motion, the legislative history makes clear that § 638.51 was never intended to apply to online cookies. *See* Mot. at 16.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

And despite conceding that only some of the alleged information collected by third-party cookies is not content of their communication with the MFP website, Plaintiffs attempt to salvage their claim by arguing some cookies "may include 'content,' while others may include only 'record' information. Opp. at 22. But the reality is Plaintiffs' scattershot approach seeks to have it both ways, and this contradictory pleading must fail. *See* Mot. at 16-17.

**D. Plaintiffs' Unjust Enrichment Claims Fail**

Plaintiffs again incorrectly argue that unjust enrichment is an independent cause of action, rather than a remedy. In support of this argument, Plaintiffs rely on an unpublished Ninth Circuit opinion, *Bruton v. Gerber Products Company*, 703 F. App'x 468 (9th Cir. 2017), which itself relies on *Hartford Casualty Insurance Co. v. J.R. Marketing, LLC*, 61 Cal. 4th 988, 1000, 190 Cal.Rptr.3d 599, 353 P.3d 319 (2015). Both of these cases do not apply. *Hartford* "raised a narrow question" limited to "the facts of th[at] case." *Id.* at 996–97. There, the California Supreme Court held that courts should allow an "independent claim for unjust enrichment to proceed in an insurance dispute." *Bruton*, 703 F. App'x at 470 (*citing Hartford Casualty Ins. Co.*, 61 Cal. 4th 988). The California Supreme Court "emphasize[d] that this conclusion is a limited one, and a particularly apposite one given the history of this litigation." *Id.* at 1007, 190 Cal.Rptr.3d 599, 353 P.3d 319. In the subsequent unpublished opinion, the Ninth Circuit then applied that insurance dispute holding to a case challenging the labeling of baby food in alleged violation of Food and Drug Administration ("FDA") regulations. *Bruton*, 703 F. App'x 468. Published post-*Hartford* decisions by California Courts of Appeal have confirmed that "[u]njust enrichment is not a cause of action." *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870, 230 Cal. Rptr. 3d 625 (2018) (*quoting Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1307, 128 Cal. Rptr. 3d 109 (2011); *Bank of New York Mellon v. Citibank*, N.A., 8 Cal. App. 5th 935, 955, 214 Cal.Rptr.3d 504 (2017) (same); *see also Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 336 (2020), 269 Cal.Rptr.3d 406, reh'g denied (June 19, 2020), transferred without decision on review (Sept. 23, 2020), publication ordered (Sept. 30, 2020), review denied (Dec. 31, 2020) (holding that "summary adjudication of [an unjust enrichment] claim was proper because California does not recognize a cause of action for unjust enrichment."); *Abuelhawa v. Santa Clara Univ.*, 529 F.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Supp.3d 1059, 1070–72 (N.D. Cal. 2021) ("unjust enrichment is not a separate cause of action in California). Therefore, Plaintiffs' unjust enrichment should not proceed.

**E. <u>Plaintiffs' Common Law Fraud, Deceit, and Misrepresentation Claim Fails</u>**

As discussed above and in the Motion, Plaintiffs have failed to allege intent, knowledge of falsity, or damages with any level of particularity. Federal Rule of Civil Procedure 9(b) demands a higher pleading standard for fraud by requiring particularity, something completely lacking in the Complaint and not remedied in the Opposition. Instead, the Complaint merely alleges that the purported misrepresentations in MFP's cookie banner were "known exclusively to, and actively concealed" by MFP. (Compl. ¶ 170.) Plaintiffs' bare assertion of damages amounting to general allegation of loss is similarly deficient. *Id.* ¶ 172; *see also Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024) (van Keulen, J.) ("Plaintiffs do not allege sufficient facts from which the Court may reasonably infer that Defendants' misappropriation reduced the value of Plaintiffs' information…. [T]hey merely allege… 'there is a market for consumers to monetize Personal Information[.]'").

**F. <u>Plaintiffs' Trespass to Chattels Claims Fail</u>**

The Opposition confirms that the Complaint lacks any factual allegations supporting the essential element of damage for their trespass to chattels claim. Plaintiffs merely assert a generalized "reduction of storage, disk space, and performance" allegation. Compl. ¶ 192. But such conclusory allegations fall short of the required showing of harm—a "significant reduction in service constituting an interference with the intended functioning of the system" proximately caused by the defendant's conduct. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012); *see also Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347 (2003) (trespass to chattels "does not encompass… an electronic communication that neither damages the recipient computer system nor impairs its functioning"). Absent factual allegations explaining how the placement of cookies caused substantial degradation in device performance, courts have consistently rejected such claims. *See, e.g., Doe I,* 741 F. Supp. 3d at 846 ("[N]othing about the source code or the existence of cookies physically impairs the functioning of the plaintiffs' computing devices");

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Gabrielli*, 2025 WL 1939957, at *15 (dismissing nearly identical allegations as "too conclusory" and unsupported by facts).

## V. THE IMMATERIAL CLASS ALLEGATIONS SHOULD BE STRICKEN

Plaintiffs have failed to meet bare minimum federal pleading standards and have done nothing to refute MFP's arguments in the motion to strike. Plaintiffs merely make unsworn, conclusory statements that the screenshots at issue are relevant to Plaintiffs' claims. *Opp.* at 25. The facts remain that the screenshots are undated, and there are no allegations these images are of either Plaintiffs' device, web browser, Website pages visited, cookies allegedly placed, or information allegedly shared. Thus, these claims must be stricken.

And Plaintiffs do nothing to challenge MFP's argument that individual inquiries dominate the proposed class or that the proposed class is overbroad. Courts have exercised power to strike such allegations and this Court should do so here. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147 (N.D. Cal.2010) (striking class allegations due to predominance of individual issues on certain claims) *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (striking class allegations due do predominance of individual issues in plaintiffs' claims); *Sandoval v. Ali*, 34 F. Supp. 3d1031, 1044 (N.D. Cal. 2014) (striking class allegations where proposed class was overbroad); *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF-(FFMx), 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016)(striking class allegations that cannot show that common issues would predominate over individual ones, and class definition is an improper fail-safe class); *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 991 (N.D.Cal.2009) (striking class allegations because predominance and superiority requirements for certification of nationwide class action were not satisfied where if proposed class were to be certified, court would be forced to engage in individual inquiries of each class member, and it was not clear that a nationwide class action was the superior method for adjudication of rights).

## VI. CONCLUSION

For the foregoing reasons, MFP respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice or, in the alternative, that certain allegations be dismissed and/or stricken.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: August 29, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Sean P. Killeen*
Sean P. Killeen
Edward J. McAndrew

*Attorneys for Defendant*
MYFITNESSPAL, INC.