**BAKER & HOSTETLER LLP**
Sean P. Killeen (SBN 320644)
*skilleen@bakerlaw.com*
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2623
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP**
Edward J. McAndrew (Admitted *Pro Hac Vice)*
*emcandrew@bakerlaw.com*
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
Facsimile: 215.568.3439

Attorney for Defendant
*MYFITNESSPAL, INC.*



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VISHAL SHAH and CHRISTINE WILEY, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

MYFITNESSPAL, INC.,

Defendant.

CASE NO.: 5:25-CV-04430-PCP

[*Assigned to Hon. P. Casey Pitts*]

**DEFENDANT MYFITNESSPAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Date**: May 28, 2026
**Time**: 10:00 A.M.
**Dept.**: Courtroom 8, 4th Floor

**Action Filed:** May 23, 2025
**FAC Filed:** February 24, 2026

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND ITS COUNSEL OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN** that on May 28, 2026, at 10:00 A.M., in Courtroom 8 of the above-entitled Court located on the 4th Floor of the Robert F. Peckham Courthouse, at 280 South First Street, San Jose, California, 95113, Defendant MyFitnessPal, Inc. ("MFP"), will and hereby does move to dismiss with prejudice the First Amended Class Action Complaint ("FAC") of Plaintiffs Vishal Shah and Christine Wiley ("Plaintiffs"), filed individually and on behalf of others similarly situated [Dkt. Nos. 45 and 47].

MFP respectfully submits this Motion pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiffs fail to allege sufficient facts to plead: (1) a violation of the California Invasion Privacy Act ("CIPA"), California Penal Code § 631(a); (2) a violation of CIPA, California Penal Code § 638.51; and (3) common law fraud, deceit and/or misrepresentation. In addition, Plaintiffs' CIPA, Invasion of Privacy and Unjust Enrichment claims are barred by the applicable statutes of limitations, and Plaintiffs' Fraud, Deceit and/or Misrepresentation claim fails to satisfy Fed. R. Civ. P. 9(b).

This Motion is based on this Notice, the Memorandum of Points and Authorities, Request for Judicial Notice, all pleadings, papers and records on file in this Action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion.

Dated: March 24, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Sean P. Killeen*
Sean P. Killeen
Edward J. McAndrew

*Attorneys for Defendant*
MYFITNESSPAL, INC.

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ..... ii

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. MFP Lawfully and Transparently Uses Third-Party Cookies. ..... 2

B. Plaintiffs' Allegations About Their Own Experiences on MFP's Website Lack Basic and Necessary Facts. ..... 3

III. ISSUES TO BE DECIDED ..... 4

IV. ARGUMENT ..... 4

A. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6). ..... 4

B. Plaintiffs' CIPA, Invasion of Privacy, and Unjust Enrichment Claims Are Outside the Statutes of Limitations. ..... 4

1. There is no possibility of tolling for Plaintiffs' untimely claims. ..... 6

C. Plaintiffs' Section 631(a) Wiretapping Claims Should Be Dismissed. ..... 7

1. Plaintiffs have not alleged a predicate violation of Section 631(a)'s second clause. ..... 7

D. Plaintiffs' Pen Register (CIPA Section 638.51) Claim Still Fails. ..... 11

E. Plaintiffs' Common Law Fraud, Deceit and/or Misrepresentation Claim Still Fails. ..... 12

V. CONCLUSION ..... 14


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


*Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140 (N.D. Cal. 2023) .... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .... 4

*Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) .... 5, 8

*Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) .... 5

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) .... 6

*Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728 (N.D. Cal. 2019) .... 13

*Doe I v. Google LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) .... 11

*In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705 (N.D. Cal. 2011) .... 13

*Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007) .... 6

*Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022) .... 9

*Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007 (C.D. Cal. 2023) .... 11, 12

*Hinton v. Pac. Enters.*, 5 F.3d 391 (9th Cir. 1993) .... 6

*James v. Allstate Ins. Co.*, 2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) .... 10

*Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025 (S.D. Cal. 2024) .... 7


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ....................12, 13

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................4

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ....................7, 10

*Lau v. Gen Digit. Inc.*,
2024 WL 1880161 (N.D. Cal. Apr. 3, 2024) ....................7

*Maghoney v. Dotdash Meredith, Inc.*,
2026 WL 497402 (S.D. Cal. Feb. 23, 2026) ....................9

*Nev. Power Co. v. Monsanto Co.*,
955 F.2d 1304 (9th Cir. 1992) ....................4

*Pirozzi v. Apple Inc.*,
913 F. Supp. 2d 840 (N.D. Cal. 2012) ....................13

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ....................10

*Romero v. Securus Techs., Inc.*,
331 F.R.D. 391 (S.D. Cal. 2018) ....................11

*Rosenow v. Facebook, Inc.*,
2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ....................10

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....................4

*Tapia Carmona v. Cnty. of San Mateo*,
2019 WL 4345973 (N.D. Cal. Sept. 12, 2019) ....................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ....................4

*Theranos, Inc. v. Fuisz Pharma LLC*,
876 F. Supp. 2d 1123 (N.D. Cal. 2012) ....................4

*Van Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) ....................5

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097, 1103-04 (9th Cir. 2003) ....................13

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ....................10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Williams v. What If Holdings, LLC*,
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ....... 7

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ....... 8

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....... 8, 9

**State Cases**

*Rodriguez v. Ink America Intern. Group LLC*,
2025 WL 4034985 (Cal.Super. Dec. 10, 2025) ....... 12

**State Statutes**

Cal. Civ. Proc. Code § 340 ....... 5

Cal. Penal Code § 20 ....... 11

Cal. Penal Code § 631(a) ....... 7

Cal. Penal Code § 638.50(b) ....... 11

Cal. Penal Code § 638.51(a) ....... 11

**Federal Rules**

Fed. R. Civ. P. 9(b) ....... 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs Vishal Shah and Christine Wiley ("Plaintiffs") bring this amended complaint (the "FAC") following this Court partially granting MyFitnessPal, Inc.'s ("MFP") initial motion to dismiss. In relevant part, the Court dismissed Plaintiffs' wiretapping and pen register claims under the California Invasion of Privacy Act ("CIPA") because Plaintiffs failed to allege the who, what, where, when, why, and how they ever "communicated" with the MFP Website. Instead of curing these defects, the FAC makes clear that their claims are time barred or lack the specificity required.

Despite the Court's clear guidance in its Order and an opportunity to amend, the FAC still contains no facts explaining how Plaintiffs' one-off and superficial visits on MFP's free, public Website resulted in "egregious violations of consumer privacy." Notably, to the extent Plaintiffs add new factual allegations, they highlight that their CIPA and common law invasion of privacy claims are time barred, alleging website visits during two months in 2023. While the FAC is full of inflammatory rhetoric, it still lacks the barest facts regarding Plaintiffs' interactions with this free, public website. It provides scant detail as to Plaintiffs' experiences with the MFP Website and makes clear that no "contents" of communications are at issue. The FAC remains completely silent about what cookies, if any, were installed or fired *after* Plaintiffs made their toggle selections on each relevant website during each visit; what "personal information" or "private communications" Plaintiffs allegedly transmitted during that alleged visit; or how any such transmission occurred. Nor do Plaintiffs amend to identify the collection of any "specific dialing, routing, addressing, or signaling information for outgoing communications," of theirs as required to state a CIPA pen register claim. *See* Order of Jan. 27, 2026 at 14:18-21 [Dkt No. 44] (the "Order"). These pleading defects remain fatal to Plaintiffs' CIPA claims under any federal pleading standard and, as to the fraud claim, under the particularity requirements of Rule 9(b).

A litany of additional reasons justify dismissing each cause of action with prejudice, including: (1) Plaintiffs' CIPA, common law invasion privacy and unjust enrichment claims are time-barred; (2) none of Plaintiffs' data allegedly collected is the "content" of any "communications" (for the CIPA wiretap claim); (3) none of Plaintiffs' data allegedly collected

was transmitted to third parties; and (4) Plaintiffs fail to meet the Rule 9(b) pleading standard for their common law fraud, deceit and/or misrepresentation claim. For these reasons, MFP respectfully requests that the Court dismiss Plaintiffs' CIPA claims, the untimely invasion of privacy and unjust enrichment claims, and the common law fraud, deceit and/or misrepresentation claim without leave to amend.

## II. FACTUAL BACKGROUND

The basic facts of the FAC are simple and virtually unchanged from Plaintiffs' initial complaint. MFP is a premier nutrition and fitness tracking application (the "app") that, among other things, allows its users to track calories by logging food and exercise. MFP maintains a public website (www.myfitnesspal.com) (the "Website") which exists mainly to promote the MFP mobile app. *See* FAC ¶¶ 1, 27. It is only MFP's website—not its app—that is at issue. *See id.*

Plaintiffs Vishal Shah and Christine Wiley ("Plaintiffs") are testers who browse public websites solely to threaten or file putative privacy class actions based on novel and untested theories of liability. Shah has filed multiple similar data privacy suits, including against Fandom, Inc., Capital One Financial Corp., and Hilton Worldwide Holdings, Inc., and Wiley was also a plaintiff in the Hilton case and a similar data privacy suit against Universal Music Group, Inc.

### A. MFP Lawfully and Transparently Uses Third-Party Cookies.

Like virtually all companies, MFP embeds first- and third-party code for analytics, website functionality and security, advertising, and marketing purposes on its Website. FAC ¶ 3. This code may deploy additional small text files of code, referred to as "cookies," that website servers can cause to be placed on an Internet user's browser. *Id.* ¶ 4. Without alleging how these "cookies" allegedly intercepted their own communications on the MFP Website, Plaintiffs allege MFP caused non-essential cookies to be placed on their browser despite "opting" out. *Id.* But Plaintiffs do not explain what device and browser they used, their browser cookie or privacy settings, what cookies allegedly fired after *their* selections, what "personal information" or "private communications" were transmitted, or how they suffered any actual injury. Moreover, despite garnishing the Complaint with screenshots of the cookie banner pop up and quoting MFP's Website Terms and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Conditions of Use and Privacy Policy, Plaintiffs fail to explain how any specific statements in these documents are untrue *as to them*.

### B. **Plaintiffs' Allegations About Their Own Experiences on MFP's Website Lack Basic and Necessary Facts.**

Plaintiff Shah now alleges that his most recent visit to the Website was "in or around February 2023," which squarely falls outside the statute of limitations period. FAC ¶ 108. During his visits to the Website, Plaintiff Shah "read the information found on the Website regarding MyFitnessPal's mobile application" and "clicked on the 'Recipes' button which navigated him to the 'Meal Planning & Recipes' webpage." *Id.* ¶ 114-15. The two new paragraphs constitute the sum total of Plaintiff Shah's allegations regarding his visits to the Website, where he did not enter any information. Instead of identifying any specific communication that he claims was intercepted, Plaintiff Shah alleges his interest in "health applications" and "nutrition and meal planning" were transmitted to "Third parties along with his user agent information…IP address…specific cookie identifiers…and other associated metadata." *Id.*

Plaintiff Wiley now alleges that she last visited the Website "in or around January 2023," which also squarely falls outside the statute of limitations period. *Id.* ¶ 120. During her visits to the Website, Plaintiff Wiley alleges she proceeded "through *portions* of the sign up process, during which she inputted" information "such as her name and gender" and "selected [pre-populated] options reflecting health goals such as 'lose weight' before *discontinuing* the process." *Id.* ¶ 126 (emph. added).

Notably absent from Plaintiffs' allegations are descriptions of how or when any of their actions were allegedly intercepted, the contents of any specific communication that was allegedly tracked, and any allegation regarding the specific dialing, signaling, or addressing information they claim third parties received based on their interactions with the Website. *Id.* Finally, Plaintiff Shah still fails to allege that he suffered *any* harm whatsoever from any alleged misrepresentation, other than to say that he would not "have used the Website or, at minimum, he would have interacted with the Website differently." *Id.* ¶ 118.

Finally, Plaintiff Wiley still fails to allege that she suffered *any* harm whatsoever from any alleged misrepresentation, other than to say that she would not "have used the Website or, at minimum, she would have interacted with the Website differently." *Id.* ¶ 129.

## III. ISSUES TO BE DECIDED

1. Have Plaintiffs satisfied the Rule 12(b)(6) standard for each of their claims?
2. Have Plaintiffs satisfied the Rule 9(b) standard for their common fraud, deceit and/or misrepresentation claim?

## IV. ARGUMENT

### A. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Furthermore, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

### B. Plaintiffs' CIPA, Invasion of Privacy, and Unjust Enrichment Claims Are Outside the Statutes of Limitations.

Because Plaintiffs bring state law claims, California's statutes of limitations apply. *See Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992); *see also Theranos, Inc. v. Fuisz Pharma LLC*, 876 F. Supp. 2d 1123, 1130 (N.D. Cal. 2012) (Rogers, J.) ("a California district court should apply the statute of limitations that would be applied in California state court.") (int. cit. omitted). The applicable statutes of limitations are ***one year*** for the CIPA wiretapping and pen



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

register claims, *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (Koh, J.); Cal. Civ. Proc. Code § 340, and ***two years*** for the invasion of privacy and intrusion upon seclusion claims. *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021) (Koh, J.) (citing Cal. Civ. Proc. Code § 335.1). To the extent Plaintiffs Shah and Wiley base their unjust enrichment claim on the same alleged CIPA violations or common law claims, that claim fails as well. *See Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1155 n.1 (N.D. Cal. 2023) (Chen, J.) (the statutes of limitations for unjust enrichment, promissory estoppel, and civil conspiracy are based on the underlying wrong).

MFP recognizes that, as the Court noted in its prior Order on MFP's Motion to Dismiss [Dkt. No. 44] (the "Order"), a court may dismiss a claim as untimely at the pleading stage "only when 'the running of the statute is apparent on the face of the complaint.'" *See* Order at 6:1-5 (quoting *Van Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). In the initial complaint, Plaintiffs offered only vague allegations as to when they visited the Website, alleging that Plaintiffs Shah and Wiley visited the Website at some point "during the last four years." Based on these allegations, the Court concluded that Plaintiffs' claims ***could*** encompass conduct that fell within the applicable one-year or two-year statutes of limitations, making timeliness impossible to resolve at the pleading stage. *Id.* at 6:6-11.

This time, however, Plaintiffs have pleaded themselves out of their claims by "admit[ting] the ingredients of an impenetrable statute of limitations defense." *See* Order at 6:6-11. Both Plaintiffs now allege more specific dates on which they purportedly visited the Website. *See* FAC ¶ 108 (Plaintiff Shah alleging he visited the Website "around February 2023"); ¶ 120 (Plaintiff Wiley alleging she visited the Website "around January 2023"). By providing specific visit dates, the Court is no longer limited to assessing vague, open-ended allegations, and can evaluate the timeliness of their claims on the pleadings. *See Van Saher*, 592 F.3d at 969.

By their own allegations, every instance of purported misconduct underlying their CIPA claims—including their interactions with the cookie banner on these websites (*see* FAC ¶¶ 109-13, 121-25), and the newly added allegations regarding reading about MFP's app, its meal planning and recipes, and partial sign-up process (*see id.* ¶¶ 114-15, 126)—last occurred in or around January

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

or February 2023. Said differently, every factual allegation supporting Plaintiffs' Shah and Wiley's CIPA and common law invasion of privacy claims are anchored to those two months. Consequently, the one-year statute of limitations for Plaintiff Shah's CIPA claims expired one year later, in or around February 2024, while Plaintiff Wiley's CIPA claims expired one year later, in or around January 2024. Plaintiffs did not initiate this action until May 22, 2025 (*see* Dkt. No. 1), after the limitations period had run.

Although Plaintiffs attempt to hedge by characterizing these dates as merely illustrative, the FAC contains no factually specific interactions between Plaintiffs and MFP outside of those identified dates. *See* FAC ¶¶ 108-30. The Court should not disregard the specificity Plaintiffs have chosen in an attempt to plead around the statute of limitations for their CIPA and wiretapping claims. *See Tapia Carmona v. Cnty. of San Mateo*, 2019 WL 4345973, at *9 (N.D. Cal. Sept. 12, 2019) (Koh, J.) ("general, conclusory allegations need not be credit…when they are belied by more specific allegations of the complaint") (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."). Applying the relevant statutes of limitations to these newly alleged dates leaves no doubt—Plaintiffs' state law claims fall outside the relevant limitations periods and are therefore time-barred.

**1. *There is no possibility of tolling for Plaintiffs' untimely claims.***

Equitable tolling cannot save Plaintiffs' claims because the FAC alleges no facts that could support such tolling. To survive a motion to dismiss, Plaintiffs must plead "facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff.") (int. cit. omitted). Plaintiffs do not meet that burden here. The FAC alleges ***no facts*** suggesting delayed discovery, fraudulent concealment, or any other basis that would give rise to tolling. Accordingly, dismissal of Plaintiffs' untimely claims is appropriate.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### C. Plaintiffs' Section 631(a) Wiretapping Claims Should Be Dismissed.

Even after amendment, Plaintiffs' wiretapping claim under Section 631(a) of CIPA fails to state a viable claim. As this Court recognized, Section 631(a) prohibits a defendant from either directly engaging in, or aiding another in engaging in, one of four forms of conduct: (1) "by means of…intentionally tapping or making any unauthorized connection," (2) "willfully and without consent of all parties to the communication, or in any unauthorized manner, reading, or attempting to read, or to learn the content or meaning of a message, report, or communication while the same is in transit," (3) "using, or attempting to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained," and (4) "aiding, agreeing with, employing, or conspiring with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above." Cal. Penal Code § 631(a); *see also* Order at 10:12-23. To impose liability under an aiding-and-abetting theory, Plaintiffs must first plausibly allege that a third party committed a predicate violation of one of the first three clauses. *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (Alsup, J.) (an aiding-and-abetting defendant's liability is "based entirely on whether [a third party] violated Section 631(a) in some way."). Plaintiffs fail to do so here, and their Section 631(a) claim again fails as a matter of law.

#### 1. *Plaintiffs have not alleged a predicate violation of Section 631(a)'s second clause.*[1]

The second clause of Section 631(a) is violated only where a third party "***reads***, or attempts to read, or to learn the ***contents*** or meaning of any message, report, or communication while the same is ***in transit***…" *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1032-33 (S.D. Cal. 2024) (emph. added) (quoting Cal. Penal Code § 631(a)); *see also Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *Lau v. Gen Digit. Inc.*, 2024 WL 1880161, at *1 (N.D. Cal. Apr. 3, 2024) (Lin, J.) (wiretapping concerns "the unauthorized *interception* of communications, not any subsequent storage and/or use") (int. cit. omitted). This Court previously rejected Plaintiffs' Section 631(a) claim because they failed to allege that, when interacting with MFP's Website, they

[1] Plaintiffs presumably are not asserting a claim under Clauses 1 and 4 of § 631(a). given that they previously disavowed any claim that MFP's alleged conduct violates the first clause and there is no allegation of telephonic conduct. *See* Order at 11:1 n.2.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

themselves engaged in any communications whose contents could have been intercepted. *See* Order at 12:9-22. Because Plaintiffs did not plausibly allege a communication, the Court declined to assess MFP's separate argument that Plaintiffs also failed to plead the "in transit" requirement. *See id.* Even after amendment, Plaintiffs still fail to plausibly allege either essential element.

*First*, Plaintiffs again fail to plausibly allege that they transmitted any communication—much less communication with ***contents*** capable of interception. *See Brodsky*, 445 F. Supp. 3d at 127 (Section 631 prohibits only the "unauthorized access of 'the contents' of any communication"). Under CIPA, the "contents" of a communication are limited to "the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). This Court previously acknowledged that certain website interactions—such as user input data, shopping behaviors, or in some circumstances referring URLs—*could* convey the contents of a user's communication with a website *if they revealed what the user was seeking to do or searching for*. *See* Order at 11:25-12:8. Because Plaintiffs failed to allege even the most basic facts about their own interactions with MFP's Website, the Court dismissed their Section 631(a) claims while granting leave to amend and provided clear guidance on the specific facts required to survive a pleading challenge. *See id.* at 12:9-22.

Plaintiffs have ignored those instructions, and just like their original complaint, the FAC lacks key facts about Plaintiffs' *actual interactions* with MFP's Website. *See* FAC ¶¶ 114-15, 126 (amended paragraphs in Plaintiffs' Experiences section of the FAC). At most, Plaintiff Shah alleges that, in February 2023, he clicked unspecified buttons, after which unidentified third parties, through an unspecified mechanism and timeline, allegedly "caused the transmission" of the MFP Website to third parties. *See id.* ¶¶ 108, 114-15. As stated, MFP is a premier nutrition and fitness tracking application—Plaintiff Shah's allegations that he navigated to the "MyFitnessPal blog" and "clicked on the 'Recipes' button which navigated him to the 'Meal Planning & Recipes' webpage" during an unspecified time period is a far cry of conveying what the user was seeking to do or searching for on an app that specializes in such categories. *See* FAC ¶¶ 114-15; *see also Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (finding "keystrokes, mouse

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "contents" under Section 631(a)).

Indeed, Plaintiff Shah does not allege he was seeking content about "Meal Planning & Recipes" and no nexus exists between clicking on a blog post and his alleged "interest in health applications" and "nutrition and meal planning." *See* FAC ¶¶ 114-15; *see also Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026) (dismissing CIPA claims after amending complaint, finding no nexus between Plaintiff's searches of "sensitive health related terms" and "personal medical history" on a website that covered more than 500 medical topics). Those allegations do not come close to pleading that Plaintiff Shah interacted with the MFP Website in a manner that involved communications that had content capable of being intercepted. Undefined button clicks and page views—particularly on third-party websites—do not convey an "intended message" and therefore fall outside Section 631(a).

Plaintiff Wiley's allegations fare no better. She alleges that, in January 2023, she clicked on an unspecified button, proceeded through *portions* of the sign up process, such as providing her name and gender (not specifying whether she entered her full name or just a first name), and inputting static options reflecting health goals before ***discontinuing the process***. *See* FAC ¶ 126. But she only entered her name (unknown if full name) and clicked on buttons for her gender and health goals on the MFP Website. *See id.* A person's name is considered "record information" and not considered "contents" under CIPA and both the Wiretap Act and Stored Communications Act provisions of the Electronic Communications Privacy Act (ECPA). *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1092 (N.D. Cal. 2022) (Breyer, J.) (a violation of CIPA is analyzed under the same standards applied to a violation of the ECPA); *see also In re Zynga Priv. Litig.*, 750 F.3d at 1106 (holding "that under ECPA, the term 'contents' refers to the intended message conveyed by the communication, and does not include ***record information*** regarding the characteristics of the message that is generated in the course of the communication" finding a name is considered a ***record information***) (emph. added).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Second*, Plaintiffs still fail to allege any facts showing that those communications were intercepted *while in transit*. The Ninth Circuit has made clear that an interception requires acquisition of a communication during its transmission—that is, to "stop, seize, or interrupt in progress or course ***before arrival***." *Konop*, 302 F.3d at 878 (emph. added). Rather than plead facts explaining how any such real-time interception occurred, Plaintiffs rely on conclusory, boilerplate allegations that simply assume an interception took place. *See* FAC ¶ 48. Rather than pleading how Plaintiffs' ***own interactions*** with the MFP Website were intercepted by any third parties, *see* Order at 12:9-11, they generally allege that MFP's Website includes "a search bar and other input fields which user enter information" and providing hypothetical and undated screenshots, without pleading that either Plaintiff used such features. *See* FAC ¶¶ 48-51. Courts have consistently held that such boilerplate allegations are insufficient. *See Rodriguez v. Google LLC*, 2022 WL 214552, at *1-2 (N.D. Cal. Jan. 25, 2022) (Seeborg, C.J.) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing wiretap claim where allegations of interception "in transit" were conclusory); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time.").

And even if Plaintiffs alleged an interception (they have not), they still need to allege facts establishing that the intercepting party "read or attempted to read" Plaintiffs' purported communications *in real time during the transmission*. Again, Plaintiffs attempt to amend their FAC to include conclusory and hypothetical allegations of what third parties ***may*** have done in the past, without providing allegations of whether Plaintiffs' ***own communications*** were intercepted. *See* FAC ¶¶ 88-101. As courts have recognized, this requires the third party to do ***more*** than intercept or redirect the contents of the communication to another server. *See e.g.*, *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) (Corley, J.) (allegations that data was stored with and could be accessed by a third party were insufficient to support a plausible interference the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

third party attempted to read or learn the contents of the communication while in transit); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024) (Chhabria, J.) (dismissing Section 631(a) claim finding Google code acted more like passive tape recorder that did not read or attempt to read communications in real time).

Because Plaintiffs plead no non-conclusory facts establishing their communications were intercepted and read in real time during transmission, their Section 631(a) claim under the Second Clause fails as a matter of law.

### D. <u>Plaintiffs' Pen Register (CIPA Section 638.51) Claim Still Fails.</u>

CIPA also precludes "a person…[from] install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a). Under CIPA, a "pen register" is "a device or process that records or decodes dialing, routing, addressing, or signaling information, . . . but not the contents of a communication." Cal. Penal Code § 638.50(b). Plaintiffs assert that third-party cookies and related software code qualify as pen register devices. When it previously dismissed this claim, the Court made clear that should Plaintiffs choose to amend their pen register claim, "they must identify not only their communications with MFP but also the specific 'dialing, routing, addressing, or signaling information' for outgoing communications that was tracked." *See* Order at 14:18-21. Even after clear instructions from this Court, Plaintiffs fail to do so. As discussed above, the FAC is completely devoid of any allegations regarding what allegedly collected information constitutes *Plaintiffs'* communications with the Websites. *See generally* FAC. And, not surprisingly, in the absence of any allegations that they personally communicated with the Websites, Plaintiffs cannot allege what "specific dialing, routing, addressing, or signaling information for outgoing communications that was tracked." Order at 14:12-17. Their pen register claim therefore should be dismissed.

Moreover, as discussed above with Plaintiffs' wiretap claim, because CIPA is a criminal statute, Plaintiff must establish scienter. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023); *see also* Cal. Penal Code § 20 (scienter); *Romero v. Securus Techs., Inc.*, 331 F.R.D. 391, 402 (S.D. Cal. 2018) (scienter is presumed in criminal statutes). Plaintiffs must allege, therefore, that MFP installed the third-party cookies and corresponding source code



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*with knowledge and intent* that the cookies would misfire and/or *illegally* collect information about Plaintiffs. *See Heiting*, 709 F. Supp. 3d at 1019. Here, Plaintiffs have not alleged, and cannot allege, that MFP had any intent to engage in or further any third party's criminal activity, and their failure to do so dooms their CIPA claim.

Lastly, the California legislature never intended for California Penal Code section 638 to apply to the website tracking tools at issue. In describing the purpose of Senate Bill 690, a proposed bill to pause CIPA litigation, Democratic Senator Anna Caballero stated:

> I rise today to present SB 690, a Bill to protect California businesses from a wave of abusive and predatory lawsuits that are threatening jobs, innovation, and the very ability to do business in our state. [] California already has the strongest privacy law in the nation, the California Consumer Protection Act, or CCPA. Back in 2018, this Legislature passed CCPA to give consumers real control over their data using a modern opt out approach. Suing under CIPA for activity that's already governed by the CCPA goes against legislative intent, creates confusion, punishes compliance, and doesn't make Californians any safer. A private settlement doesn't create stronger protections for consumer or clearer rules for business.

*Rodriguez v. Ink America Intern. Group LLC*, No. 25STCV15350, 2025 WL 4034985, at *4 (Cal.Super. Dec. 10, 2025) (holding that Penal Code section 638 "does not clearly apply to the web functions at issue in this case and refuses to expand the interpretation of the statute in ways not clearly intended by the Legislature."). If the Legislature wished to criminalize "the use of analytical tools at issue in this case, it may do so by amending or adding to CIPA's statutory scheme." *Id.* at *5.

Because Plaintiffs fail to prove any of the elements of a pen register claim that is contrary to the California Legislature's intent, their CIPA pen register claim must be dismissed.

### E. <u>Plaintiffs' Common Law Fraud, Deceit and/or Misrepresentation Claim Still Fails.</u>

Plaintiffs' claim for common law fraud, deceit and/or misrepresentation is subject to and fails to meet the Rule 9(b) heightened pleading standard for claims that "sound in fraud." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (the word "fraud" need not be used). Where, as here, plaintiffs "allege a unified course of fraudulent conduct and rely entirely on that course of conduct," the pleaded claims "sound in fraud" and are each subject



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

to the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Plaintiffs fall far short of "'stat[ing] with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged,'" as is required. *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 744 (N.D. Cal. 2019) (Orrick, J.) (quoting *Vess*, 317 F.3d at 1106). As discussed above, there are virtually no *factual* allegations regarding *Plaintiffs'* experiences on the MFP Website on specified dates; the FAC instead relies on a smattering of undated screenshots of Website visits obtained from an unidentified "Website user." *See, e.g.*, FAC ¶¶ 43, 48-55, 64, 66, 76, 78. But this is legally insufficient to satisfy Plaintiffs' burden under Rule 9(b) (or 12(b)(6)) to allege how MFP defrauded *them*. *See Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (Rogers, J.) (dismissing fraud-based claims where plaintiff "fail[ed] to provide the particulars of *her own experience*" reviewing or relying on misrepresentations) (emph. added).

The elements of a cause of action for fraud are: "'(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (Ware, C.J.), *aff'd,* 572 F. App'x 494 (9th Cir. 2014) (citing *Engalla v. Permanente Med. Grp.*, 15 Cal. 4th 951, 974 (1997)). Even after amendment, Plaintiffs have failed to plead with specificity under Rule 9(b) the "when" of the misconduct alleged. *See, e.g.*, *Kearns*, 567 F.3d at 1126 (concluding that the plaintiff had not satisfied Rule 9(b) when he failed to plead "when he was exposed to" the television advertisements at issue or to "specif[y] … when [an allegedly fraudulent] statement was made"). When it previously dismissed this claim, the Court made that Plaintiffs' "level of generality fails to provide MFP with notice of the misconduct alleged" when it failed to provide "***specific dates*** that Shah and Wiley visited those websites or ***how*** the websites were using any cookies placed on users' devices on those specific dates." *See* Order at 15:7-19 (emph. added). Plaintiffs still fail to provide ***when*** they visited the MFP Website, alleging that they visited the Website "during the last four years, including in or around February 2023" or "January 2023." FAC ¶¶ 108, 120. Not only have Plaintiffs failed to

allege the "specific dates" of when they visited the MFP Website, they failed to tie any nexus to the generalized months they alleged in their FAC, to the alleged communications to the MFP Website. Despite an opportunity to do, Plaintiffs also do not allege "how" MFP's Website were using any purported cookies during any specified dates.

Here, Plaintiffs have not alleged, and cannot allege, with specificity their common law fraud, deceit and/or misrepresentation claim against MFP.

## V. CONCLUSION

For the foregoing reasons, MFP respectfully requests that Plaintiffs' FAC be dismissed in its entirety with prejudice.

Dated: March 24, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Sean P. Killeen*
Sean P. Killeen
Edward J. McAndrew

*Attorneys for Defendant*
MYFITNESSPAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO