**BAKER & HOSTETLER LLP**
Sean P. Killeen (SBN 320644)
*skilleen@bakerlaw.com*
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2623
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP**
Edward J. McAndrew (Admitted *Pro Hac Vice)*
*emcandrew@bakerlaw.com*
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
Facsimile: 215.568.3439

Attorney for Defendant
*MYFITNESSPAL, INC.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VISHAL SHAH and CHRISTINE WILEY, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

MYFITNESSPAL, INC.,

Defendant.

CASE NO.: 5:25-CV-04430-PCP

[*Assigned to Hon. P. Casey Pitts*]

**DEFENDANT MYFITNESSPAL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

**Date**: May 28, 2026
**Time**: 10:00 A.M.
**Dept.**: Courtroom 8, 4th Floor

**Action Filed:** May 23, 2025
**FAC Filed:** February 24, 2026

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

Page

Table of Authorities ........ ii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6). ........ 1

1. Plaintiffs Have Failed to Allege the Requisite Scienter for Their CIPA Claims. ........ 1

2. Plaintiffs' Wiretapping Claim Should be Dismissed (Count III). ........ 2

3. Plaintiffs' Pen Register Claim Should Be Dismissed (Count IV). ........ 5

4. Plaintiffs' CIPA, Invasion of Privacy, and Unjust Enrichment Claims Are Time Barred. ........ 6

III. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ....................4

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ....................5

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ....................1

*Doe v. Amgen*,
2024 WL 3811251 (C.D. Cal. Aug. 13, 2024)....................1, 2

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ....................5

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ....................2

*Gutierrez v. Converse Inc.*,
2025 WL 1895315 (9th Cir. July 9, 2025)....................5

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ....................1, 4

*Hirsch v. Arthur Andersen & Co.*,
72 F.3d 1085 (2d Cir. 1995)....................6

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ....................7

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ....................3

*Kotlarsz v. Integrity Vehicle Servs., Inc.*,
2024 WL 4800695 (C.D. Cal. Sep. 3, 2024)....................2

*Mahboob v. Educ. Credit Mgmt. Corp.*,
2023 WL 12014957 (C.D. Cal. Dec. 20, 2023) ....................6

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024)....................3

*O'Neill v. Cal. Physicians' Serv.*,
2025 WL 3207416 (N.D. Cal. Nov. 17, 2025) ....................6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)....2

*Rodriguez v. Ink Am. Int'l Grp. LLC*,
2025 WL 4034985 (Cal. Super. Dec. 10, 2025) ....6

*St. Aubin v. Carbon Health Techs., Inc.*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)....4

*Tapia Carmona v. Cnty. of San Mateo*,
2019 WL 4345973 (N.D. Cal. Sept. 12, 2019) ....6

*Thibodeaux v. Teamsters Local 853*,
263 F. Supp. 3d 772 (N.D. Cal. 2017) ....7

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ....4

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) ....4

*Yoon v. Lululemon United States*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ....3

*Zarif v. Hwareh.com, Inc.*,
789 F.Supp.3d 880 (S.D. Cal. 2025)....2

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....2

**Statutes**

Cal. Pen. Code § 631(a) ....1, 2, 3, 4, 5

Cal. Pen. Code § 638.51....5, 6

**Federal Rules**

Fed. R. Civ. Proc. Rule 9(b)....7

Fed. R. Civ. Proc. Rule 12(b)(6) ....1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# I. INTRODUCTION

Despite an opportunity to amend, Plaintiffs Vishal Shah and Christine Wiley's ("Plaintiffs") Opposition ("Opposition" or "Opp") does not cure the First Amended Complaint's ("FAC") fundamental pleading defects MyFitnessPal, Inc. ("MFP") identified in its Motion to Dismiss Plaintiffs' FAC (the "Motion"). The Opposition cannot supply the missing elements of Plaintiffs' CIPA claims. Plaintiff still does not plausibly allege MFP's intentional conduct, or an interception of any communication *in transit*, thereby warranting dismissal of its Section 631 claim. Additionally, Plaintiffs do not adequately identify the specific dialing, routing, addressing, or signaling information for *their* outgoing communications that they claim was tracked. Plaintiffs' amendments to their FAC, alleging Website visits in January 2023 and February 2023, further preclude Plaintiffs' CIPA and common law claims, where Plaintiffs' interactions with the Website are time barred.

# II. ARGUMENT

## A. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6).

### 1. *Plaintiffs Have Failed to Allege the Requisite Scienter for Their CIPA Claims.*

The Court previously had no need to reach the issue of scienter because Plaintiffs' failure to allege *their* communications with the Websites alone warranted a dismissal of their wiretapping claim. *See* Order of Jan. 27, 2026 at 12:9-22 [Dkt. No. 44] (the "Order"). Because CIPA is a penal statute, Plaintiffs must allege scienter, which Plaintiffs fail to establish. *See Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024) (Chhabria, J.) ("CIPA liability only extends to willful or intentional conduct…"). Plaintiffs must allege, therefore, that MFP installed the third-party cookies and corresponding source code *with knowledge and intent* that the cookies would misfire and/or *illegally* collect information about Plaintiffs. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023). Plaintiffs have not alleged, and cannot allege, that MFP had any intent to engage in or further any third party's criminal activity, and their failure to do so dooms their CIPA claim. Plaintiffs fail to allege sufficient facts to show MFP intended to aid and abet a third party's illegal wiretapping of Plaintiff's communications. Plaintiffs distort *Doe v. Amgen*, 2024

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WL 3811251 (C.D. Cal. Aug. 13, 2024), *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) (Chhabria, J.), and *Kotlarsz v. Integrity Vehicle Servs., Inc.*, 2024 WL 4800695 (C.D. Cal. Sep. 3, 2024), to suggest that allegations of intentional enabling of third-party cookies suffice to establish the intent requirement. *See* Opp. at 22:16-23:7. But ***none*** of these cases addressed the issue, let alone held that the intent element is satisfied by such conclusory allegations. Instead, they simply found that enabling third-party misconduct *could* state a claim under Section 631's fourth prong without analyzing whether the requisite criminal intent was established. *See Amgen*, 2024 WL 3811251, at *2 (finding that as a party to its own communication, defendant cannot be liable under Section 631(a) unless plaintiff shows defendant enabled third party's eavesdropping or interception); *Revitch*, 2019 WL 5485330, at *2 (same); *Kotlarsz*, 2024 WL 4800695, at *7 (finding plaintiff failed to plead facts linking defendant to the website sufficient to make aiding and abetting allegations plausible). *Gabrielli v. Haleon US Inc*. is likewise inapposite, as the court relied on *Zarif v. Hwareh.com, Inc.*, 789 F.Supp.3d 880 (S.D. Cal. 2025)—as Plaintiffs do here—without considering that *Zarif* did not involve aiding and abetting liability under Section 631(a) and hence does not provide clear guidance as to what intent is required in this context. *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 870 (N.D. Cal. 2025) (Orrick, J.). Additionally, Plaintiffs' pen register claim independently fails because CIPA is a criminal statute, and Plaintiffs must plead scienter. Because Plaintiff has not identified any allegation that MFP intentionally deployed cookies after users declined consent, Plaintiffs' CIPA claims fail.

### 2. *Plaintiffs' Wiretapping Claim Should be Dismissed (Count III).*

In addition to scienter, Plaintiffs have failed to allege the three essential elements to state a claim under the second clause of California Penal Code § 631(a)—that the (1) contents of communications (2) were intercepted (3) while in transit.

#### a. <u>Plaintiffs Fail to Plead the Existence of a "Communication" Intercepted While "In Transit" as Required by Section 631(a).</u>

Plaintiffs concede that CIPA only prohibits the interception of "contents" of communications and "*does not include* record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d

Baker & Hostetler LLP
Attorneys at Law
San Francisco

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1098, 1106 (9th Cir. 2014) ("[T]he referer header information at issue here includes only basic identification and address information, ***not a search term or similar communication made by the user*** and therefore does not constitute the contents of a communication") (emph. added); *see also Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) (dismissing Section 631(a) claim where plaintiffs alleged only that their "interactions" were intercepted, without identifying the contents of any communication); *see also Yoon v. Lululemon United States*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) ("keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" did not constitute *content* in violation of section 631(a)).

While the Court observed "the alleged tracking also included 'website interactions,' 'user input data,' 'shopping behaviors,' and 'referring URLs…'" as potentially conveying "contents" of users' communications with MFP's Website, *see* Order at 11:20-12:3, Plaintiffs again fail to plausibly allege such communications. Plaintiff Shah alleges only that he navigated to the "MyFitnessPal blog" and "clicked on the 'Recipes' button which navigated him to the 'Meal Planning & Recipes' webpage." FAC ¶¶ 114-15. He did not input any data into the Website and his web browsing was limited to "mouse clicks" and "pages viewed" as in *Yoon*. Similarly, Plaintiff Wiley's description of her "communications" are limited to a single paragraph and read: "Plaintiff Wiley [sic] a link on the Website to try the MyFitness application" and then "proceed[ing] through portions of the sign up process." *Id.* ¶ 126. She then alleges that she inputted her "name and gender" and "selected options reflecting health goals, such as 'lose weight,' before discontinuing the process." *Id.* These bare allegations do not identify anything that either Plaintiff actually communicated to the Website that could have been intercepted.

Plaintiffs also fail to plausibly allege that any third party intercepted or read any communication while it was "in transit." The Ninth Circuit has made clear that interception under § 631(a) requires acquisition of a communication ***during*** transmission. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (defining "intercept" as "to stop, seize, or interrupt in progress or course before arrival") (emph. added).

Plaintiffs' examples of real-time stream processing platforms used by Meta and Google, during an unspecified date, are not tethered to Plaintiffs' visits to the Website. *See* FAC ¶¶ 53, 54, 55, 64, 66, 94, 95. Plaintiffs' additional allegations of Meta's "proprietary real-time stream processing platform" again are not tethered to any specific communications Plaintiffs allegedly made and cannot sustain a § 631(a) claim. *See* FAC ¶¶ 88-97.

Courts applying this requirement demand more than a description of how a technology could operate. They require allegations of a plausible mechanism showing a contemporaneous, separate transmission, initiated by third-party code, while the user's communication with the website is still ongoing. *See Heiting*, 728 F. Supp. at 1126. Where other plaintiffs meet that standard, they allege facts tying the technology's operation to real-time interception, for example, that the defendant scanned message content and reacted immediately, demonstrating acquisition while the communication was still in transit, *see Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014) (Hamilton, J.), or that third-party code transmitted user data "as it happens" through a specifically described mechanism, *see Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 977–79 (C.D. Cal. 2023). Plaintiffs allege no comparable facts here. They offer only generalized descriptions of tracking technologies and screenshots of functionality that do not relate to *their visits* to the Website. But "by virtue of how [a] technology functions" is not enough to plausibly allege interception "in transit," particularly where that theory would require the Court to infer how underlying code operates. *Heiting*, 728 F. Supp. 3d at 1126; *see also Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751 (N.D. Cal. 2023) (Corley, J.) ("But this complaint is entirely speculative. How do these third parties interface with Defendant's chat platform other than via "code"? It is impossible to infer from the complaint. Thus, Plaintiff's simultaneity claims are just too conclusory to survive"); *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *6 (N.D. Cal. Oct. 1, 2024) (Tigar, J.) (dismissing Section 631(a) claim as to Google Pixel because plaintiff did not allege how and when the interception occurs).

Without factual allegations showing contemporaneous acquisition during transmission, Plaintiffs do not plead an interception within the meaning of the Section 631. Because Plaintiffs have failed to allege a viable violation of § 631(a), their derivative claim against MFP necessarily

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

fails. *See Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1003 (N.D. Cal. 2024) (Martínez-Olguín, J.) (dismissing claim under Section 631(a)'s fourth clause where plaintiff failed to establish "underlying third-party violation" of preceding clauses).

**3. *Plaintiffs' Pen Register Claim Should Be Dismissed (Count IV).***

Plaintiffs' FAC does not adequately allege the "specific 'dialing, routing, addressing, or signaling information' for outgoing communications that was tracked," as expressly required by the Court Order. Order at 14:18-21. Plaintiffs instead claim compliance by generally alleging that third-party cookies can collect TCP and/or UDP port numbers, protocol-level metadata, and HTTP request header metadata, which can include IP addressed and user-agent information. *See* FAC ¶¶ 98-101; *see also* Opp. at 21-22. Critically, their new allegations fail to include any specific data from their alleged communications with the Website, even though this is data that would be stored on the devices they used to visit the Website. While MFP does not contend that Plaintiffs must plead every discrete routing value or technical parameter, Plaintiffs must at least allege *some* "dialing, routing, addressing or signaling information" tied to their own communications with the Website. Their continued failure to do so should result in dismissal of their claim with prejudice.

Additionally, while proposed bills and commentary such as Senator Anna Caballero's comments about CIPA are not dispositive in interpreting the intention of Section 638.51, *see* Opp. at 19:18-20:3, this District has acknowledged that Section 638.51 does not extend to the website-tracking scenario at issue in this case. As Judge Chhabria recently emphasized, by bringing these types of claims, Plaintiffs seek to apply "CIPA's already-obtuse language" to new internet technologies that were never contemplated by the California Legislature. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025) (Chhabria, J.) ("The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change[.]"). Contrary to Plaintiffs' contention, the statutory context—and CIPA's structure as a whole—makes clear that "pen register" cannot reasonably encompass the factual scenario involving cookies here. Section 638.51 does not apply to website cookies in this context—and the Legislature in 2015 never intended it to. *See Gutierrez v. Converse Inc.*, 2025 WL 1895315, at *3 (9th Cir. July 9, 2025) ("If the California legislature wanted to apply [CIPA] to the internet, it

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

could do so by amending … or adding to CIPA's statutory scheme.") (Bybee, J., concurrence in part); *see also Rodriguez v. Ink Am. Int'l Grp. LLC*, 2025 WL 4034985, at *5 (Cal. Super. Dec. 10, 2025) (finding that "Penal Code § 638 does not clearly apply to the web functions at issue in this case and [refusing] to expand the interpretation of the statute in ways not clearly intended by the Legislature").

**4. *Plaintiffs' CIPA, Invasion of Privacy, and Unjust Enrichment Claims Are Time Barred.***

As discussed in MFP's opening Motion, Plaintiffs' CIPA claims are subject to a one-year statute of limitations bar, and state law claims are subject to two years. As for Plaintiff Shah, he expressly alleges that he accessed MFP's Website in or around February 2023—over two years before Plaintiffs filed the initial Complaint on May 23, 2025. FAC ¶ 108. Plaintiff Wiley expressly alleges that she accessed MFP's Website in or around January 2023—over two years before Plaintiffs' filing of the initial Complaint. FAC ¶ 120. Having chosen to plead only specific dates falling outside of the limitations period, Plaintiffs cannot ask the Court to disregard them. *See Tapia Carmona v. Cnty. of San Mateo*, 2019 WL 4345973, at *9 (N.D. Cal. Sept. 12, 2019) (Koh, J.) ("General, conclusory allegations need not be credited … when they are belied by more specific allegations of the complaint.") (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)). In their Opposition, Plaintiffs attempt to salvage their untimely claims by invoking the delayed discovery rule and fraudulent concealment. *See* Opp. at 13–14. Both arguments fail as a matter of law.

To invoke the delayed discovery rule, a plaintiff must plead specific facts in the complaint showing both (1) the time and manner of discovery and (2) the inability to have made early discovery despite reasonable diligence. *See O'Neill v. Cal. Physicians' Serv.*, 2025 WL 3207416, at *6 (N.D. Cal. Nov. 17, 2025) (Corley, J.) ("Conclusory allegations of diligence cannot suffice.") (int. cit. omitted); *Mahboob v. Educ. Credit Mgmt. Corp.*, 2023 WL 12014957, at *14 (C.D. Cal. Dec. 20, 2023). Plaintiffs—experienced litigants of the precise claims asserted here—offer no facts explaining how or when they learned of the claims, nor do they allege any facts showing that they exercised reasonable diligence but could not have discovered any of the alleged conduct earlier.

Without these facts, the delayed discovery rule does not apply. *See Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 903 (N.D. Cal. 2023) (Breyer, J.) (plaintiff failed to plead sufficient facts to invoke the delayed discovery rule for CIPA claim).

The doctrine of fraudulent concealment also does not salvage Plaintiffs' claims. As discussed in its Motion, the FAC fails to satisfy Rule 9(b)'s heightened pleading standard, which applies with full force to allegations of fraudulent concealment. *See Thibodeaux v. Teamsters Local 853*, 263 F. Supp. 3d 772, 778 (N.D. Cal. 2017) (James, J.) (requiring plaintiff to "plead allegations of fraudulent concealment with particularity, including facts showing his lack of constructive knowledge and his diligence.") (cleaned up). The FAC does not offer allegations showing lack of constructive notice or diligence in order to uncover such allegations. Absent these particulars—facts necessary to show both a lack of constructive knowledge and the exercise of diligence—Plaintiffs cannot invoke fraudulent concealment to toll the statutes of limitations.

## III. CONCLUSION

For the foregoing reasons and those set forth in its opening Motion, MFP respectfully requests that Plaintiffs' FAC be dismissed in its entirety with prejudice.

Dated: May 5, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Sean P. Killeen*
Sean P. Killeen
Edward J. McAndrew

*Attorneys for Defendant*
MYFITNESSPAL, INC.